FARMERS & MERCHANTS INSURANCE COMPANY V. DELILAH R. GRAHAM.

FILED MARCH 3, 1897.   No. 7139.

1. **Insurance: AGENTS: AGREEMENT TO PROCURE POLICY.** A mere agreement of a soliciting agent to procure to be issued a policy of insurance does not create a present liability against the insurance company, his principal.

2. ———: AUTHORITY OF AGENT. Proof that an insurance agent has solicited and forwarded risks and collected premiums is not such evidence as will justify an inference, against positive uncontradicted evidence, that the powers of such agent were in excess of those above indicated.

3. ———: ———: PLEADING: EVIDENCE. The petition examined, and *held* not to state a cause of action. The evidence considered and found insufficient to sustain an action even if a good cause of action had been stated in the petition.

ERROR from the district court of Lancaster county. Tried below before STRODE, J.   *Reversed.*

The opinion contains a statement of the case.

*Charles E. Magoon*, for plaintiff in error:

Richards did not have authority to bind the company. (1 May, Insurance [3d ed.], secs. 120, 138; *Insurance Co. v. Wilkinson*, 13 Wall. [U. S.], 222; *Eames v. Home Ins. Co.*, 94 U. S., 621; *Morse v. St. Paul Fire & Marine Ins. Co.*, 21 Minn., 407; *Armstrong v. State Ins. Co.*, 61 Ia., 212; *Insurance Co. v. Johnson*, 23 Pa. St., 72; *Constant v. Insurance Co.*, 3 Wall. [U. S. C. C.], 313; *Hackney v. Alleghany County Mutual Ins. Co.*, 4 Barr [Pa.], 185; *Dickinson County v. Mississippi Valley Ins. Co.*, 41 Ia., 286; *Critchett v. American Ins. Co.*, 53 Ia., 404; *Ayers v. Hartford Fire Ins. Co.*, 17 Ia., 176; *Security Ins. Co. v. Fay*, 22 Mich., 467; *Reynolds v. Continental Ins. Co.*, 36 Mich., 131; *Lanborn v. Fireman's Ins. Co.*, 16 Gray [Mass.], 448; *Lohnes v. Insurance Co. of North America*, 121 Mass., 439; *Bush v. Westchester Fire Ins. Co.*, 63 N. Y., 531; *Ayers v. Home Ins. Co.*, 21 Ia., 185.)

The proof fails to establish the existence of a contract of insurance. (1 Wood, Fire Insurance [2d ed.], secs. 5, 6, 15; *McCann v. Ætna Ins. Co. of Hartford*, 3 Neb., 198; *Strohn v. Hartford Fire Ins. Co.*, 37 Wis., 625; *Hartford Fire Ins. Co. v. Wilcox*, 57 Ill., 180.)

*John S. Bishop* and *Pound & Burr*, contra:

The insurer is bound by all acts of an agent within the apparent scope of his authority. (2 Wood, Fire Insurance [2d ed.], sec. 408; *Johnson v. Milwaukee & Wyoming Investment Co.*, 49 Neb., 68; *Thompson v. Shelton*, 49 Neb., 644.)

A mere technical objection should not defeat a recovery for loss of property insured. The contract of insurance should be sustained if possible. (*Phœnix Ins. Co. v. Barnd*, 16 Neb., 90; *Springfield Fire & Marine Ins. Co. v. McLimans*, 28 Neb., 846; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 572; *State Ins. Co. v. Schreck*, 27 Neb., 527; *Nebraska & Iowa Ins. Co. v. Silvers*, 27 Neb., 541.)

The scope of the agent's power is, under proper instructions, a question to be determined by the jury. (*Ganser v. Fireman's Fund Ins. Co.*, 38 Minn., 74; *Rivara v. Queen's*

*Ins. Co.*, 62 Miss., 721; *Murphy v. Southern Life Ins. Co.*, 59 Tenn., 440; *Dickinson County v. Mississippi Valley Ins. Co.*, 41 Ia., 286.)

As to third parties, in absence of notice to the contrary, the agent of an insurance company must be held to possess all the powers which his occupation and dealings fairly import to the public. (*Day v. Mechanics & Traders' Ins. Co.*, 88 Mo., 325; *Phœnix Ins. Co. v. Spiers*, 87 Ky., 286; *Farnum v. Phœnix Ins. Co.*, 83 Cal., 246; *Harron v. City of London Fire Ins. Co.*, 88 Cal., 16; *California Ins. Co. v. Gracey*, 15 Colo., 70; *Zell v. Herman Farmers Mutual Ins. Co.*, 75 Wis., 521.)

A local agent having ostensible general authority to solicit applications and make contracts for insurance, and to receive first premiums, binds his principal by any acts or contracts within the general scope of his apparent authority. (*Union Mutual Ins. Co. of Maine v. Wilkinson*, 13 Wall. [U. S.], 222; *Rivara v. Queen's Ins. Co.*, 62 Miss., 721; *Mississippi Valley Life Ins. Co. v. Neyland*, 9 Bush [Ky.], 430; *Western Home Ins. Co. v. Hogue*, 21 Pac. Rep. [Kan.], 641.)

RYAN, C.

In the district court of Lancaster county there was a judgment against the Farmers & Merchants Insurance Company, for the review of which these error proceedings are prosecuted. It was alleged in the petition in the district court that on November 30, 1891, plaintiff was the owner of certain household furniture in use in a house on North Thirteenth street, in the city of Lincoln; that on December 2, 1891, the defendant, the aforesaid insurance company, executed a policy of insurance on said furniture, whereby it was insured in the sum of $1,000 against loss, from November 30, 1891, till November 30, 1894, for which insurance the plaintiff paid the required premium of $14 to Burt W. Richards, the agent of the defendant. It was further averred in said petition that on or about June 14, 1892, the plaintiff made arrangements to pack

her household goods and move them from her dwelling on North Thirteenth street to a certain warehouse on Fourteenth and G streets, excepting the piano, which was to be removed to the residence of the above named Burt Richards, on K street, and that at said time there was an unearned premium on said policy amounting to more than $8.40. The transaction which was claimed sufficient to create a contract to insure, and which, therefore, should, as the plaintiff claims, be held to be in effect an insurance, was in the fifth paragraph of the petition described as follows: "That on the said 14th day of June, 1892, said Richards, at request of plaintiff, came to plaintiff's house, at said number 228 North Thirteenth street, and as agent of said defendant agreed with this plaintiff to have said policy of insurance on said goods canceled, and to have made out and delivered by defendant to plaintiff another policy of insurance that would insure plaintiff against loss or damage by fire on said goods, in the sum of $1,000, for a period of ninety days from noon on said 14th day of June, 1892, and said insurance should be seven hundred (700) dollars on all goods, excepting the piano, while stored in said storage warehouse at Twenty-fourth and G streets, and three hundred dollars ($300) on said piano while kept at said number 1817 K street, all in said city of Lincoln, and it was further agreed that said unearned premium on said first policy of insurance should be applied on and pay the premium of said new policy to be issued to plaintiff by the defendant, and if the amount of said unearned premium was more than the amount of said premium on said new policy, the difference was to be paid to plaintiff by defendant, and if it was less, plaintiff was to pay to defendant such difference, and plaintiff then and there offered to pay same." The furniture was stored at the warehouse above indicated on June 14, 1892, and on the following day it was destroyed by fire. The judgment was for value of the said furniture.

This judgment we think should be reversed, for various

reasons, which we shall now proceed to state as briefly as possible. Burt W. Richards was the soliciting agent of the insurance company. There was no evidence introduced by the plaintiff which showed facts inconsistent with the limitation of his agency, shown by the company to be confined to soliciting insurance, taking and forwarding applications; and possibly premiums may, in some instances, have been paid to him. In the transaction under consideration, however, there was no premium paid. Indeed, the requirement of payment is apparently sought to be obviated by allegations of an agreement to cancel an existing policy and use the unearned premium thereon for a payment. But this cancellation of the policy, the above averments show, was not assumed to be within the scope of the powers of Mr. Richards. In this respect the averment was that Mr. Richards agreed to have the old policy canceled, thereby implying that this must be done by some other representative of the insurance company than Mr. Richards. As to the issuance of a new policy, the allegations of the petition were, in effect, that Richards, as agent of the company, agreed to have made out and delivered by defendant, the insurance company, to plaintiff another policy of the insurance company, which would insure plaintiff against loss or damage by fire on said goods. In *Wallingford v. Burr*, 15 Neb., 204, it was held that a contract of sale was not complete because, though while all the terms had been agreed on, there had not been made, according to the requirement of the agreement between the vendor and the vendee, a bill of sale evidencing the fact of such sale. By the very terms of the contract as pleaded in the petition a policy was required to issue to complete the contract of insurance. This requirement was never met; hence, on plaintiff's own statement of the basis of his cause of action, there was no executed contract of insurance. The reason for the rule enforced in *Wallingford v. Burr* applied to the executory contract to insure, and such a contract was not sufficient

to render the company liable for a loss before the con-
dition precedent was performed; that is, before a new
policy had issued.   In our opinion the petition failed
to state a cause of action against the insurance company,
and the proofs fell far short of sustaining one, even if
it had been stated.   The judgment of the district court is

REVERSED.