HAROLD SIEWERDSEN, APPELLEE. v. UNITED STATES FIDELITY & GUARANTY COMPANY, A CORPORATION, APPELLANT, IMPLEADED WITH JAMES A. SHANE, APPELLEE.

173 N. W. 2d 27

Filed December 12, 1969. No. 37313.

Pilcher, Howard & Dustin, for appellant.

Shrout, Lindquist, Caporale, Brodkey & Nestle, for appellee Siewerdsen.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an action by Harold Siewerdsen for a declaratory judgment determining that an automobile liability insurance policy was in existence and effect on December 24, 1963. The trial court found that the policy was in full force and effect on December 24, 1963. The defendant United States Fidelity and Guaranty Company, hereinafter referred to as the company, has appealed.

The evidence shows that in June 1962, the plaintiff purchased an automobile liability insurance policy issued by the company. The policy was purchased from the defendant James A. Shane who, at that time, was a soliciting agent for the company writing insurance through the Palmer Agency. The policy, or a copy of it, was delivered to the plaintiff. It was in effect for 1 year from June 6, 1962, and insured a 1960 Pontiac automobile. The plaintiff paid the premium to Shane, one-half in June 1962 and one-half in February 1963. The policy expired by its own terms on June 6, 1963.

During June 1962, Shane entered into an agency agreement with the company and opened his own agency known as the Shane Insurance Agency. The separate agency lasted until about July 1, 1962. The agency agreement was terminated by agreement of the parties and Shane then turned over his records concerning policies written by him to the Sam C. Morgan Agency. These records included a policy of household insurance issued by the company and purchased through Shane but did not include the automobile policy. The agency agreement was formally terminated on August 31, 1963.

At the time Shane established his separate agency he talked with an employee of the company concerning renewals. The employee stated that he would attempt to direct renewals to Shane but that "it was almost practically impossible" to do so. The records concerning the June 1962 automobile insurance policy remained

in the Palmer Agency, and no renewal notice was sent to Shane.

On May 7, 1963, the company mailed a renewal policy to the Palmer Agency. This policy was returned to the company and "cancelled" on its records on June 4, 1963, 2 days before it would have become effective. It is this renewal policy which the trial court found was in existence on December 24, 1963.

An insurance policy is a contract which requires an offer and acceptance to be effective. Haas v. Mutual Life Ins. Co., 90 Neb. 808, 134 N. W. 937; Meyer v. Central States Life Ins. Co., 103 Neb. 640, 173 N. W. 578. If there is no obligation as to one of the parties, there is none as to the other. St. Paul Fire & Marine Ins. Co. v. Ruddy, 299 F. 189.

The renewal policy which the company mailed to the Palmer Agency was but an offer to insure. The offer was never communicated to the plaintiff and was not accepted by him. The plaintiff was not obligated to accept the renewal policy and could have refused it if it had been offered to him. This might well have happened since the plaintiff's contact was with Shane who was no longer connected with the Palmer Agency. The "cancellation" of the policy on the records of the company amounted to a revocation or withdrawal of the uncommunicated offer to insure.

The trial court found that a custom had been established by the parties that policies be issued and credit extended for the payment of premiums. There was no evidence of any custom between the plaintiff and the company. Shane testified that he paid the premium on the June 1962 policy to the Palmer Agency when it was due. But, a custom to renew, even if established, does not bind the insurer unless it is also binding upon the insured. There must be a contract to renew as distinguished from a mere custom. Peterson v. State Automobile Ins. Assn., 160 Neb. 420, 70 N. W. 2d 489.

There was evidence of a conversation between the

plaintiff and Shane in November 1963 concerning the premium that was due on a household policy issued by the company. The plaintiff mentioned that the premium on "my automobile insurance" should be due and inquired as to what it was. Shane replied in the affirmative and stated that he would check on it and let the plaintiff know. At that time the agency agreement had been terminated and there was no automobile policy in existence. Shane's erroneous statement concerning a premium being due could not bind the company and create a contract that did not exist. See Farmers & Merchants Ins. Co. v. Graham, 50 Neb. 818, 70 N. W. 386.

The evidence will not sustain a finding that the renewal policy mailed to the Palmer Agency in May 1963 was in existence and binding on the company on December 24, 1963. The judgment of the district court is reversed and the cause remanded with directions to enter a judgment in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.