JOHN DEERE COMPANY, A CORPORATION, APPELLEE, V. MARTIN VAN CONET, APPELLANT.

174 N. W. 2d 85

Filed February 6, 1970.   No. 37334.

William G. Whitford, for appellant.

Fitzgerald, Brown, Leahy, McGill & Strom, C. L. Robinson, and William J. Brennan, Jr., for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant purchased of Mason Company two scrapers. A retail installment contract vesting a security interest in Mason Company was executed and delivered by defendant. Subsequently, as additional security, Mason Company obtained a security interest in a Hobbs lowbed trailer under a chattel mortgage executed and delivered by defendant. Both security contracts were assigned to plaintiff. This action is brought to replevin the scrapers and trailer. Defendant answered, alleging that plaintiff had taken possession, under an order of replevin, of the two scrapers and a Fruehauf trailer and that plaintiff did not have a security interest in the trailer taken. He also alleged that at the time of filing this action, plaintiff was not the owner of a security interest in the scrapers. In reply, plaintiff generally denied the allegations contained in the answer and alleged the chattel mortgage was given in consideration of an extension of time granted defendant when he was in default under the retail installment contract. It further alleged that it was the intention of the parties that the chattel mortgage should cover the trailer replevined and specifically denied that the trailer was a Fruehauf trailer. Plaintiff's motion for summary judgment was sustained. We affirm the judgment of the district court.

In answer to interrogatories, defendant admitted the execution of the retail installment contract, that a true copy of the contract was attached to the petition, and the assignment of the contract by Mason Company to plaintiff. Defendant also admitted the execution of the chattel mortgage and that a true copy of it was attached to the petition. It was further admitted that defendant did not come into possession of the property under any execution, order, or judgment against plaintiff, or for the payment of any fine, tax, or amercement against plaintiff, or by virtue of any order of delivery in replevin, or any other mesne or final process issued against plaintiff.

Admitted in evidence were defendant's check to plaintiff for $809.91, returned for want of sufficient funds, the retail installment contract, and the chattel mortgage. Also received were affidavits of Gordon Mason, president of Mason Company, a corporation, and D. C. Henderson, division retail credit manager for plaintiff, identifying both security contracts and stating they were assigned by Mason Company to plaintiff, were never redeemed by Mason Company, and were never reassigned. Henderson stated he wrote a letter to defendant saying the agreements had been reassigned and returned to Mason Company but that no assignment was actually made because Mason Company failed to pay the amount due plaintiff.

In answer to further interrogatories, defendant said the trailer described in the mortgage had burned up except for the tires and the wheels; and that he was in default on the retail installment contract when this action was filed on October 18, 1968. In his deposition, defendant stated the Hobbs trailer had been burned and destroyed prior to the date he gave the chattel mortgage on it.

Defendant introduced in evidence a certificate dated March 12, 1965, showing he had title to a 1945 Fruehauf semitrailer. By way of affidavit, he said it was a 1954 trailer, the certificate of title being erroneous in this respect, and that this is the trailer taken by plaintiff.

"The proper function of equitable estoppel is the prevention of fraud, actual or constructive, and the doctrine should always be so applied as to promote the ends of justice and accomplish that which ought to be done between man and man." 28 Am. Jur. 2d, Estoppel and Waiver, § 28, p. 630. The essential elements of an equitable estoppel are the existence of: " '* * * a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice.' " Scottsbluff Nat. Bank v. Blue J Feeds, Inc., 156 Neb. 65, 54 N. W. 2d 392.

All the elements of estoppel are present in this case. The defendant executed and delivered to plaintiff a chattel mortgage on a Hobbs trailer and warranted that he then owned a trailer of that make. He made this representation for the purpose of obtaining an extention of time on indebtedness owed by him to plaintiff. He thereby induced plaintiff to grant such extension and permit him to retain possession and use of the two scrapers. Defendant now says that he did not have a Hobbs trailer at the time of executing the chattel mortgage and that the trailer he owned was a Fruehauf trailer. He now insists that he knowingly made a false representation regarding the trailer for the purpose of inducing plaintiff to grant him an extension of time, and concedes that plaintiff relied upon his false representation and changed its position to its detriment. Under such circumstances, he is estopped to maintain that the trailer replevied is not the mortgaged trailer. " 'Where one, by his words or conduct, wilfully causes another to believe in the existence of a certain state of facts, and induces him to act on that belief or to alter his previous condition, the former is concluded from averring against

the latter a different state of things as existing at the same time.' " Bleicher v. Heeter, 141 Neb. 787, 4 N. W. 2d 897. No issue of fact is presented in this regard.

Defendant contends that a summary judgment was erroneously entered because an issue of fact is presented on the question of ownership of the security agreements at the time this suit was commenced. He relies on a letter written by a representative of plaintiff to defendant stating that the agreements had been reassigned to Mason Company. The undisputed evidence clearly reveals that this was an erroneous statement and that the security agreements never were reassigned because Mason Company failed to pay plaintiff the sum due on the agreements. There is no genuine issue of fact regarding ownership. Summary judgment is authorized when the moving party is entitled to judgment as a matter of law, it is clear what the truth is, and no genuine issue remains for trial. See County of Douglas v. OEA Senior Citizens, Inc., 172 Neb. 696, 111 N. W. 2d 719.

The judgment of the district court is affirmed.

AFFIRMED.