LLOYD V. PESTER ET AL., APPELLEES, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT.

186 N. W. 2d 711

Filed May 7, 1971. No. 37754.

794

Chambers, Holland, Dudgeon & Beam, for appellant.

M. J. Bruckner of Marti, O'Gara, Dalton & Bruckner, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a declaratory judgment action instituted for

the purpose of determining whether or not a policy of insurance issued by defendant had terminated prior to the occurrence of events otherwise establishing liability under the policy. A jury was waived and plaintiffs recovered judgment in the district court. We affirm the judgment so entered.

For a number of years plaintiffs had carried policies of automobile liability insurance with the defendant company. One policy covering a Chevrolet station wagon was paid up to January 30, 1966. Premiums fell due at 6-month intervals. The policy was a continuing one containing the following provisions: "Subject to the company's consent, this policy may be continued in force for successive policy periods by the payment of the required premium for each such period on or before the effective date of each such period. If such premium is not paid when due, this policy shall terminate at the end of the last policy period for which the premium was paid. Each such policy period shall begin and end at 12:01 A.M., standard time at the address of the named insured as stated in the declarations." In the past, plaintiffs had regularly received notice of premiums due from defendant. On February 8, 1966, plaintiffs were involved in an accident. The Chevrolet was demolished and plaintiffs injured. The operator of the other vehicle was not insured and plaintiffs seek to recover under the uninsured motorist coverage provided by the policy. The premium due on January 30, 1966, remained unpaid until payment was tendered to defendant's agent on February 11, 1966. Defendant offered to accept the payment on a new policy but refused to apply it on a renewal of the old policy. Plaintiffs rejected the new policy. The premium due January 30, 1966, had increased over the former premium.

The evidence is conflicting in regard to whether or not plaintiffs received a notice of premium falling due on January 30, 1966. This being a law action, we are constrained to follow the findings of fact made by the trial

court. "The findings of a court in a law action in which a jury is waived have the effect of a verdict of a jury and will not be disturbed on appeal unless clearly wrong." State Farm Mutual Automobile Ins. Co. v. Kersey, 171 Neb. 212, 106 N. W. 2d 31. "A verdict of a jury in a law action based upon conflicting evidence will not be disturbed on appeal unless clearly wrong." Countryman v. Ronspies, 180 Neb. 76, 141 N. W. 2d 425.

The court found that defendant was estopped to assert that the policy had lapsed and, in so doing, necessarily found that plaintiffs had not received the usual notice of premium due with reference to the one accruing on January 30, 1966; that plaintiffs relied and depended upon receipt of such notice; and that they could and would have paid the premium without defaulting had the notice been received.

It is clear that plaintiffs were in default and that the policy had lapsed unless defendant's conduct, by reason of waiver or estoppel, precludes a forfeiture of the policy. Defendant relies upon two Nebraska cases which, under their respective facts, are not applicable to the present case. In Peterson v. State Automobile Ins. Assn., 160 Neb. 420, 70 N. W. 2d 489, the policy involved was not a continuing type of policy. It was issued for one year and could not be extended, only replaced by a new policy. In Siewerdsen v. United States F. & G. Co., 184 Neb. 870, 173 N. W. 2d 27, the same situation is presented. There the insured sought to recover on a renewal policy which had been prepared but never delivered to him.

Under the policy now before us, defendant was not obligated to notify the plaintiffs of the accrual of premiums. Does the fact that it did so waive objection to a late payment of the premium or estop it from asserting a lapse of the policy? There is some conflict in the cases on this question. See, Annotations, 52 A. L. R. 2d 1157, 85 A. L. R. 2d 1410. It appears to be the majority rule that in cases where the amount of the premium

varies and is not fixed for the life of the policy, or where it is customary for the insurer to forward notices of premiums accruing, or where such notice is required by statute, a failure to give such notice precludes a forfeiture of the policy. See 43 Am. Jur. 2d, Insurance, §§ 553, 554, and 555, pp. 570 and 571. See, also, Seavey v. Erickson, 244 Minn. 232, 69 N. W. 2d 889, 52 A. L. R. 2d 1144; Minnick v. State Farm Mutual Auto. Ins. Co., 54 Del. 125, 174 A. 2d 706.

As previously noted, the policy in question did not require the defendant to notify the plaintiffs of the pendency of premuim-due dates or make demand for the premiums. Defendant had the right to require the plaintiffs to assume the burden of keeping track of premium-due dates. Notwithstanding this situation, defendant elected to give notice to the plaintiffs of the amount of each premium and the due date. This practice was followed over a period of many years. It is a common practice followed by insurance companies with a view to retaining and furthering their business. It is likewise a practice with which the general public is familiar and upon which it has come to depend. In the present case, plaintiffs were no different from others. They were familiar with the long established practice and had come to rely on it. The necessity for issuance of a notice of premium due is particularly apparent where, as here, there has been a change in the amount due. Until plaintiffs received word of the sum due, they were not in position to pay it. We can only conclude that defendant knowingly and intentionally waived the right to require the plaintiffs to ascertain the premium-due dates and make payments without any notice or demand from defendant. A waiver is the voluntary and intentional relinquishment of a known right and may be established by acts and conduct from which an intention to waive may reasonably be inferred. See, 28 Am. Jur. 2d, Estoppel and Waiver, §§ 154 and 160, pp. 836 and 845; Lipe v. World Ins. Co., 142 Neb. 22, 5 N. W. 2d 95.

What then is the effect of such a waiver and of plaintiffs' reliance thereon? The plaintiffs had learned that they would be notified of each premium accruing, the amount due, and the date due, in time to pay it and avoid the lapsing of their policy. They relied upon this practice and made no effort to otherwise ascertain or keep track of the times when premiums fall due. If, as the trial court found in the present case, the practice is inadvertently not followed, the plaintiffs remain unaware that a premium is due and fail to pay it in time to prevent a lapse of their policy. The lapse occurs through no fault of the plaintiffs who are ready and able to pay and desirous of doing so. On the contrary, the lapse is due solely to the inadvertent failure of the defendant to adhere to its prior practice. Does this estop defendant from asserting a lapse of the policy by reason of nonpayment of premium?

The elements of estoppel are present. Waiver of the contract right to forebear notice of premiums falling due conveys the impression that without such notice a forfeiture will not be declared and is inconsistent with defendant's present position. It was intended that the practice of giving notice would influence the plaintiffs and be acted on and defendant was at all times aware of all pertinent facts. Plaintiffs had no knowledge of the amount of the premium due or of defendant's intent to deny its waiver of the right to forebear giving notice of premiums due and insist upon a forfeiture. They relied in good faith on defendant's established practice and, if defendant's contention is upheld, find themselves without insurance and without a possibility of reimbursement for injuries and damage sustained. The essential elements of equitable estoppel are: As to the party estopped, "* * * (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert;

(2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts." As to the other party, "* * * (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." 28 Am. Jur. 2d, Estoppel and Waiver, § 35, p. 640. See, also, Bastian v. Weber, 150 Neb. 709, 35 N. W. 2d 791; John Deere Co. v. Conet, 185 Neb. 135, 174 N. W. 2d 85. A party is held to a representation made or a position assumed, where otherwise inequitable consequences would result to another who, having the right to do so under all the circumstances of the case, has, in good faith relied thereon. See, May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448; National Union Fire Ins. Co. v. Bruecks, 179 Neb. 642, 139 N. W. 2d 821.

We are prone to agree with the statement found in 43 Am. Jur. 2d, Insurance, § 1143, p. 1067, which is as follows: "Where a custom of giving notice of the due date of premiums has been definitely established, the insured has a right to rely on such notice, and in the absence thereof, a policy may not be terminated or forfeited for nonpayment of premiums without notice to the insured that the custom has been abandoned." Decisions adhering to this proposition are: Minnick v. State Farm Mutual Auto. Ins. Co., 54 Del. 125, 174 A. 2d 706; Seavey v. Erickson, 244 Minn. 232, 69 N. W. 2d 889, 52 A. L. R. 2d 1144; Knoebel v. North American Acc. Ins. Co., 135 Wis. 424, 115 N. W. 1094; Truck Ins. Exch. v. Industrial Acc. Com., 36 Cal. 2d 646, 226 P. 2d 583.

The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., not participating.