Mayme Chappelear, appellee and cross-appellant, v. Grange & Farmers Insurance Co. of Blair, Nebraska, appellant and cross-appellee.

210 N. W. 2d 921

Filed October 5, 1973. No. 38909.

O'Hanlon & Martin, for appellant.

Neil W. Schilke of Sidner, Svoboda, Schilke & Wiseman, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

NEWTON, J.

This is an action to recover windstorm damage to farm buildings from the defendant insurance company. Verdict and judgment were for plaintiff. We reverse that judgment.

There are numerous assignments of error, only two of which need be considered, namely: Failure to sustain defendant's motion for a directed verdict and insufficiency of the evidence to sustain the verdict.

The defendant Grange and Farmers Insurance Company is a local assessment company writing fire and wind insurance. For a number of years plaintiff and her now deceased husband had carried insurance with defendant. The policies were issued for 5-year periods. In 1962 their policy expired and plaintiff took out insurance with another company. On December 11, 1964, she took out another policy with defendant which expired December 11, 1969. The policy provides: "(a) At the time of making application for insurance to the Company, the applicant shall pay a cash percentage of $2.00 for the first $1,000.00 of insurance applied for and 75c for each additional $1,000.00, or fraction thereof, of such insurance." This new policy charge was paid when the policy was delivered. Annual assessments were made on November 1st of each year to cover the preceding year's losses. Checks were produced showing payment of assessments for each of the years 1965 through 1969. Notwithstanding the above-quoted policy provision, plaintiff now contends the payment made when she obtained the policy was the premium for the year 1965 paid in advance and that each of her other payments were likewise made in advance for the ensuing year; this, notwithstanding the undisputed evidence that assessments were made in November of each year for the *preceding year*. On this basis she insists the payment made by her on December 13, 1969, was for a new policy. The evidence is clear that she never received a new policy and that none was ever issued by defend-

ant as no application for it was submitted. An agent of defendant did deliver to plaintiff's son an application form. The son and his wife testified that on its face it resembled the former policy in that it referred to buildings insured and amounts of insurance. Neither would state it was a policy rather than an application and the instrument was not produced. Representatives of defendant denied that a policy had been issued. There is a total failure of proof to sustain plaintiff's contention that she is entitled to recover on a new policy issued in December 1969. "An insurance policy is a contract which requires an offer and acceptance to be effective." Siewerdsen v. United States F. & G. Co., 184 Neb. 870, 173 N. W. 2d 27.

Plaintiff contends that when she forwarded her December 13, 1969, check she asked for a new policy which she never received although the check was cashed. On this basis she alleges she was led to believe that a policy was issued and that defendant is estopped to deny it. She concedes she did not hear from defendant and states, although this is denied by defendant, that she again wrote 2 or 3 months later inquiring about the policy. Again she concedes there was no answer. The policy, as she knew, did not provide for an automatic renewal. In an effort to bolster her contention that the December 13, 1969, check was a payment in advance on a new policy, plaintiff testified that the notations "Dec 11, 67 to Dec 1968" on the May 13, 1967, check, "Dec. 11, 1968-1969" on the April 5, 1969, check, and "New Policy" on the December 13, 1969, check were affixed at the time she forwarded the checks. Bank microfilms of the checks conclusively disproved this. It will be noted that if plaintiff did ask for a new policy she failed to specify its terms relating to property to be insured, amount of insurance, etc.; also, that she was mistaken in her assumption that the check she forwarded was an advance premium rather than payment for an assessment past due. She does not contend that she ever

executed and forwarded an application for a new policy on the company's form and she knew the old policy had expired.

The following rules appear to be pertinent: "The essential elements of equitable estoppel are: As to party estopped, (1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts; as to the other party, (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice." Pester v. American Family Mut. Ins. Co., 186 Neb. 793, 186 N. W. 2d 711.

"A party may not properly base a claim of estoppel in his favor on his own wrongful act or dereliction of duty, or fraud committed or participated in by him, or on acts or omissions induced by his own conduct, concealment, or representations." Sanitary & Improvement Dist. v. City of Ralston, 182 Neb. 63, 152 N. W. 2d 111.

"The essential element of estoppel is a representation relied upon by the party claiming the benefit of the estoppel, which induced him to act, or refrain from acting to his prejudice." Willan v. Farrar, 176 Neb. 1, 124 N. W. 2d 699.

There is nothing in this record to indicate that defendant did anything to mislead plaintiff or to sustain an estoppel. Plaintiff's sole contentions were that a new policy had been issued or that defendant was estopped to deny that this had been done. In our view of

the record, the evidence is not sufficient to sustain the verdict and the motion for a directed verdict should have been sustained.

The judgment of the District Court is reversed and the cause dismissed.

REVERSED AND DISMISSED.