DIZCO, INC., A CORPORATION, APPELLANT, V.
GENEVIEVE KENTON, APPELLEE.

313 N.W.2d 268

Filed December 11, 1981. No. 43613.

Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, P.C., and Royce E. Norman for appellant.

William S. Dill of Quigley, Dill & Quigley for appellee.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and RIST and CAPORALE, District Judges.

RIST, District Judge.

This case involves a collision on U.S. Highway 83

northeast of Thedford, Nebraska, between a truck tractor owned by plaintiff and a horse owned by defendant. The accident occurred March 21, 1978, at approximately 2 a.m., as the truck, hauling United States mail, was proceeding south on the highway. Plaintiff sought to recover the damages to its vehicle and the rental value of replacement equipment during repair. Defendant counterclaimed for the loss of her horse. The case was tried to a jury, resulting in a verdict of no recovery by either party. Plaintiff appeals to this court.

Plaintiff's principal assignments of error are the failure of the trial court to properly instruct the jury on defendant's duty to confine her livestock and in submitting the issue of plaintiff's contributory negligence to the jury.

With respect to defendant's duty to confine livestock, plaintiff submitted the following instruction: "The owner of livestock has a duty to exercise a high degree of care to confine them to prevent them from being unattended upon a public arterial highway. If the owner knows or, in the exercise of ordinary care, should know that any of her livestock are unattended upon a public arterial highway, it is her duty to exercise a high degree of care to round them up and confine them."

The trial court refused this instruction and gave the following instruction to the jury: "The owner of domestic animals has the duty to exercise ordinary care to confine his livestock to prevent them from being unattended upon the public highway. The principal test is whether or not he should reasonably have foreseen that any of his livestock would be upon the highway and the occurrence of such an accident; and if the owner knows, or in the exercise of ordinary diligence, should have known that any of his livestock were unattended upon the highway, it is his duty to exercise ordinary care to round them up and confine them."

The instruction of the trial court was correct. The duty of ordinary care in such situations is well established in Nebraska. *Traill v. Ostermeier*, 140 Neb. 432, 300 N.W. 375 (1941); *Countryman v. Ronspies*, 180 Neb. 76, 141 N.W.2d 425 (1966). The higher duty sought by plaintiff is not the law of this state, and we decline to make it so.

With respect to the issue of plaintiff's contributory negligence, the trial court submitted to the jury the following allegations respecting plaintiff's driver: failure to keep a proper lookout; failure to exercise reasonable control; and excessive speed. A brief summary of the evidence is in order.

The record reflects a hard-topped two-lane highway with a gradual slope downward from the north of approximately a quarter of a mile to the point of collision. The highway was clear, although there was snow in the pastures and fence areas. No condition existed restricting visibility other than darkness. The driver testified to a speed of 55 to 56 miles per hour at the time of the accident. He was familiar with the road and with the fact that deer sometimes appeared on the highway in this area. Just before the accident he saw a white horse on the left side of the road and then a dark horse on the highway, which he struck. He did not apply his brakes either before or after the collision. The horse was killed, and the body found approximately 189 feet south of the point of collision. The left front of the truck tractor was substantially damaged.

The above evidence warranted the submission to the jury of the allegations of contributory negligence noted above. Where reasonable minds may draw different conclusions as to whether or not acts of negligence charged have been proved, the case must be submitted to the jury for decision. *Countryman v. Ronspies, supra.*

It follows from what we have said that the trial court was also correct in overruling plaintiff's motion for

directed verdict on liability and damages and plaintiff's motion for judgment notwithstanding the verdict.

Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.