JOSEPH HAHN, APPELLANT, V. WEBER & SONS CO., A NEBRASKA CORPORATION, APPELLEE.

390 N.W.2d 503

Filed July 18, 1986.   No. 85-408.

Rex Robert Schultze, for appellant.

Gary J. Nedved of Marti, Dalton, Bruckner, O'Gara & Keating, P.C., for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Boslaugh, J.

The plaintiff, Joseph Hahn, commenced this action to recover damages for the reduced yield of his soybean crop allegedly caused by the negligent spraying of Banvel herbicide and 2,4-D with ester by the defendant, Weber & Sons Co. The county court found for the defendant and dismissed the plaintiff's amended petition. Upon appeal to the district court the judgment was affirmed. The plaintiff has now appealed to this court.

The plaintiff and the defendant farm adjacent land in Saline County, Nebraska. In the spring of 1983 the plaintiff planted soybeans in a 60-acre tract lying directly north of a 231-acre tract owned by the defendant. A county road separates the plaintiff's land from the defendant's property. The plaintiff also planted soybeans in a 102-acre tract located approximately 2½ miles south of the plaintiff's 60-acre tract. The defendant did not cultivate the 231-acre tract because it had been placed in the U.S. Department of Agriculture payment-in-kind program (PIK). The defendant admitted spraying its 231 acres with a combination of Banvel herbicide and 2,4-D with ester between July 6 and 12, 1983, in an effort to control the weeds on the acreage.

The plaintiff alleged that the defendant was negligent in

spraying herbicide too closely to the plaintiff's land when atmospheric conditions were such that the spray or vapor drift from the herbicide would damage the plaintiff's sensitive soybeans. The plaintiff further alleged that, as a direct and proximate result of defendant's negligence, the plaintiff's soybean crop was damaged and partially destroyed, with the grade of the remaining crop substantially lower than it should have been. By comparing the per-acre yield on the 60-acre tract with the yield on the 102-acre tract, the plaintiff concluded that he had lost almost $9\frac{1}{2}$ bushels per acre, or 542.88 bushels, of soybeans for which the defendant was liable. The defendant claims that if there was a reduction in the yield on the 60-acre tract, it was not because of any Banvel symptoms but was the result of poor irrigation of the field by the plaintiff.

The county court found that there was vapor drift from the defendant's field onto the plaintiff's soybeans but that the plaintiff failed to irrigate at the proper time and the plants which were watered produced beans in substantially a normal manner. The court further found that any attempt to determine what damage to the field was attributable to vapor drift and what damage was attributable to lack of irrigation would be "conjectural, speculative and a 'guesstimate,' " and dismissed the petition.

Upon appeal of a law action which was tried to the court without a jury, this court will not disturb the findings of the lower court unless those findings are clearly wrong. *White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982); *Mustion v. Ealy*, 201 Neb. 139, 266 N.W.2d 730 (1978). Furthermore, this court will view the evidence in a light most favorable to the prevailing party, with all conflicts resolved in its favor. *Middagh v. Stanal Sound Ltd.*, 222 Neb. 54, 382 N.W.2d 303 (1986); *White v. Medico Life Ins. Co., supra.*

It is the plaintiff's burden to establish the proximate cause of his injury. *Schmidt v. Chimney Rock Irrigation Dist.*, 209 Neb. 1, 305 N.W.2d 888 (1981). While circumstantial evidence may be used to prove causation, the evidence must be sufficient to fairly and reasonably justify the conclusion that the defendant's negligence was the proximate cause of the injury to the plaintiff. *Mustion v. Ealy, supra.* The plaintiff relies on

*Mustion* and argues that he was not required to prove that no other possible cause of his damage existed, but to show by a preponderance of the evidence that the negligence of the defendant was the cause. The plaintiff contends that he met this burden by showing that his soybeans were damaged to some extent by vapor drift and that the yield on the 60-acre tract was less than the yield on his 102-acre tract.

In effect, the plaintiff is contending that he was entitled to recover damages as a matter of law. There are several reasons why this contention cannot be sustained.

The evidence as to proximate cause was in conflict. Although there was evidence that plaintiff's crops received vapor drift, there was also evidence that the weather in July 1983 was hot and dry and that the plaintiff was unable to irrigate his 60-acre tract properly. The defendant's expert witness testified that he found evidence of Banvel symptoms uniformly across the plaintiff's field but that the plants that were properly irrigated continued to grow and masked out the symptoms of Banvel found on those plants. This witness concluded that the Banvel symptoms were insufficient to cause a decrease of yield and that plaintiff's 102-acre tract yielded more because it was much more uniformly irrigated than the 60-acre tract. From this evidence the trial court could have found that the negligence of the defendant was not the proximate cause of any damage to the plaintiff.

There were two possible, though independent, causes for the crop damage, both of which might have caused a part of the damage. The burden was on the plaintiff to prove that some or all of his damage was proximately caused by the defendant's negligent spraying. *Partridge v. Younghein*, 202 Neb. 756, 277 N.W.2d 100 (1979). Where the injury is the result of two separate, independent causes, and the defendant is responsible for only one of the causes, the plaintiff must establish that the entire damage would have occurred from the cause for which the defendant is liable or establish the amount of damage directly caused by the defendant's negligence. See, Restatement (Second) of Torts § 433 A (1965); 25A C.J.S. *Damages* § 162(6) (1966); *Goodhart v. Chicago, B. & Q. R. Co.*, 146 Neb. 290, 19 N.W.2d 549 (1945). In this case there was no evidence as to what

part of the reduced yield, if any, was due to Banvel if drought also reduced the yield. As the county court stated, any attempt to determine what damage was attributable to vapor drift would be conjectural and speculative.

The record supports the finding of the county court as to proximate cause. The judgment of the district court is, therefore, affirmed.

AFFIRMED.