FLORIST SUPPLY OF OMAHA, INC., APPELLEE, V. ADDIE PROCHASKA AND JANE POOLE, INDIVIDUALLY AND DOING BUSINESS AS PETAL PUSHER FLORAL SHOP, APPELLANTS.

509 N.W.2d 209

Filed December 23, 1993.   No. S-90-1188.

John S. Mingus, of Mingus & Mingus, for appellants.

Thomas W. Tye II and Gary E. Brollier, of Tye, Hopkins & Tye, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

PER CURIAM.

Florist Supply of Omaha, Inc. (Florist Supply), the plaintiff, brought this action to collect $6,401.68 due on an open account from appellants Addie Prochaska and Jane Poole, individually and doing business as Petal Pusher Floral Shop. The amount claimed by Florist Supply included $1,241.34 in interest charges which Florist Supply had added to the appellants' account. Following a trial, the county court deducted those interest charges from the $6,401.68 claimed by Florist Supply and entered a $5,160.34 judgment in its favor. After the district court had affirmed that judgment, the Nebraska Court of Appeals reversed the judgment, holding that it was error to overrule the appellants' demurrer to Florist Supply's petition. See *Florist Supply of Omaha v. Prochaska*, 2 NCA 78 (1993). This court then granted Florist Supply's petition for further review.

Neb. Rev. Stat. § 25-837 (Reissue 1989) states in part:

> In an action, counterclaim or setoff, founded upon an account, promissory note, bill of exchange, or other instrument for the unconditional payment of money only, it shall be sufficient for the party to give a copy of the account or instrument, with all credits and endorsements

thereon, and to state that there is due to him on such account or instrument, from the adverse party, a specified sum, which he claims with interest.

The Court of Appeals reasoned that under the statute, there are two methods of suing on an account. The first method is to attach a copy of the account to the petition. The second method is to set out in the petition a copy of the account or a statement of the account. The Court of Appeals then concluded that as no account had been attached to the petition and the petition itself did not set out a statement of the account with specificity, the petition failed to state a cause of action, and, thus, the appellants' demurrer should have been sustained.

However, § 25-837 is permissive and says what may be done to plead a suit on an account. The statute does not say that in an action on an account, a petition which does not include an attached copy of the account, or does not set out a copy of the account therein, fails to state a cause of action.

The petition alleges that at the appellants' behest, Florist Supply opened an account for the appellants on April 23, 1985; that from and after that time Florist Supply provided to the appellants products and services through June 10, 1988; that only one payment, in the amount of $53.13, had been made on the account since March 10, 1987; that due demand for payment had been made 90 days prior to the filing of the petition; and that there is due and owing on the account $6,401.68.

While the petition was subject to being made more definite and certain by setting forth the details of the claimed indebtedness, and the appellants' motion seeking such should have been sustained, the petition nonetheless stated a cause of action, and the appellants' demurrer was thus properly overruled. As the appellants have not shown they suffered any prejudice by the erroneous ruling on their motion to make more definite and certain, we do not concern ourselves with that issue. Neb. Rev. Stat. § 25-853 (Reissue 1989) states: "The court in every stage of an action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Because the Court of Appeals held that it was error to overrule the appellants' demurrer, it did not reach other issues raised in the appeal to that court. In the interest of judicial economy, we now address those issues, rather than remanding the action for further consideration by the Court of Appeals.

The appellants also assigned as error the trial court's overruling of their foundational objection to the testimony of Florist Supply's president, O.V. Nielson. However, the appellants fail to discuss the basis for this assignment of error. An appellate court will not consider errors which are assigned but not discussed in the proponent's brief. See *Grote v. Meyers Land & Cattle Co.*, 240 Neb. 959, 485 N.W.2d 748 (1992). In this regard, we also note that Florist Supply has not cross-appealed and has assigned no error with respect to the trial court's ruling on Florist Supply's claim for interest.

Finally, the appellants argue that the judgment awarded to Florist Supply is not supported by the evidence. The evidence presented shows that the appellants opened their account with Florist Supply in 1985 and continued to purchase materials on open account until June 10, 1988. The evidence presented also establishes the amount due on that account. In reviewing a judgment in a bench trial of a law action, an appellate court does not reweigh the evidence, but considers the evidence in the light most favorable to the successful party and resolves evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *Properties Inv. Group v. Applied Communications*, 242 Neb. 464, 495 N.W.2d 483 (1993); *Dowd v. First Omaha Sec. Corp*, 242 Neb. 347, 495 N.W.2d 36 (1993). Suffice to say that the evidence amply supports Florist Supply's judgment.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals with directions to reinstate the judgment entered by the trial court.

REVERSED AND REMANDED WITH DIRECTIONS.