MARITTA J. YOUNG, APPELLANT, V. ERIKSEN CONSTRUCTION COMPANY AND FIRST NATIONAL BANK OF YORK, APPELLEES.

553 N.W.2d 143

Filed September 27, 1996.   No. S-94-880.

Michael J. Murphy, of Angle, Murphy, Valentino & Campbell, P.C., for appellant.

Robert W. Wagoner for appellee First National Bank of York.

Jeanelle R. Robson and Douglas J. Peterson, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Eriksen Construction Company.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

GERRARD, J.

The district court granted summary judgment in favor of defendants-appellees Eriksen Construction Company (Eriksen) and First National Bank of York and dismissed plaintiff-appellant Maritta J. Young's premises liability action. The district court found Young to be a licensee and also found that neither defendant breached the applicable duty owed to a licensee such as Young. Young filed a motion for new trial, and the motion was overruled. Young appeals. Concluding that no question of material fact exists, we now affirm the judgment of the district court.

## FACTUAL BACKGROUND

On April 3, 1992, at approximately 1 a.m., Young concluded her shift at the Chances "R" Restaurant in York,

Nebraska. Although Young normally walked home from work, that night she accepted the offer of a ride home from Byron Schmoker, a fellow employee. Schmoker's car was parked in a parking lot owned by First National Bank. Young and Schmoker exited the front of the restaurant and proceeded down the alley adjacent to First National Bank's parking lot. It was common for the restaurant employees to park in the bank's parking lot, since its use was limited exclusively to the bank's customers only during the hours that the bank was open for business.

At this time, First National Bank had entered into a contract with Eriksen for certain renovations to its facility. Eriksen utilized a portion of the bank's parking lot for a staging area. In this area, Eriksen stored construction materials and equipment. While traversing the parking lot with Schmoker, Young fell when she tripped over the tines of a forklift owned by Eriksen and stored in the staging area. Both Young and Schmoker testified that they saw the body of the forklift, but not the actual tines protruding from the forklift. Young sustained a broken left wrist and a contusion to her right wrist as a result of the fall.

Young filed a negligence action against Eriksen and First National Bank, in which she alleged that both defendants failed to provide sufficient lighting or adequate warning of the dangers presented by the construction equipment. The defendants answered, denying any negligence on their part and claiming that Young was contributorily negligent for her failure to use proper and ordinary care.

Both defendants filed motions for summary judgment, which, after a hearing, were sustained. In its order, the district court found Young to be a licensee as a matter of law and also found that there was no evidence either defendant acted willfully or wantonly or failed to warn Young of a hidden danger known to it.

## SCOPE OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any mate-

rial fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Bruning v. Law Offices of Ronald J. Palagi, ante* p. 677, 551 N.W.2d 266 (1996); *Hand v. Starr, ante* p. 377, 550 N.W.2d 646 (1996). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Bruning v. Law Offices of Ronald J. Palagi, supra; Boyd v. Chakraborty, ante* p. 575, 550 N.W.2d 44 (1996).

## ASSIGNMENTS OF ERROR

Young assigns that the district court erred in granting the defendants' motions for summary judgment because there exist genuine issues of material fact as to which defendant was in control of the parking lot at the time of the accident, whether there were adequate warning devices in place, and whether Young was a business invitee. In addition, Young asserts that even if as a matter of law she is merely a licensee, the defendants breached their duty to warn her of a hidden danger.

## ANALYSIS

We begin our analysis by noting that *Heins v. Webster County, ante* p. 750, 552 N.W.2d 51 (1996), abrogated the classifications of invitee and licensee in favor of a standard of reasonable care for all those lawfully on the premises of another. However, our rule in *Heins* is prospective in application and thus without effect in the instant case.

*Status as Licensee.*

The district court found, as a matter of law, that Young was a licensee. A licensee is a person who is privileged to enter or remain upon the premises of another by virtue of the possessor's express or implied consent, but who is not a business visitor. *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996); *Blackbird v. SDB Investments*, 249 Neb. 13, 541 N.W.2d 25 (1995). An invitee, on the other hand, is a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the

business of the owner or occupant for their mutual advantage. *McIntosh v. Omaha Public Schools, supra*; *Palmtag v. Gartner Constr. Co.*, 245 Neb. 405, 513 N.W.2d 495 (1994).

The distinction between licensees and invitees rests on the purpose for which the invitation was extended. If it is an invitation for the personal pleasure, convenience, or benefit of the person enjoying the privilege, the person receiving it is a licensee. But if the invitation relates to the business of the one who gives it or for the mutual advantage of a business nature for both parties, the party receiving the invitation is an invitee. *Palmtag v. Gartner Constr. Co., supra.* See, also, *McIntosh v. Omaha Public Schools, supra.*

Viewing the evidence in a light most favorable to Young and giving her the benefit of all reasonable inferences, we conclude that the district court did not err in finding, as a matter of law, that Young was a licensee. The record reveals that First National Bank explicitly limited the use of its parking lot to its customers during business hours. There is no evidence in the record that the bank closed or limited the use of its parking lot in any manner outside of the bank's business hours. Instead, Schmoker testified that he always parked in the bank's parking lot, that he was never told not to park in the lot, and that other employees of the Chances "R" Restaurant likewise parked in the bank's lot. Thus, at the very least, there was an implied invitation for persons such as Young to use the bank's parking lot after the bank's business hours.

However, consent that a person may be on another's premises does not by itself make such person an invitee. The evidence in the instant case allows only one conclusion, that persons such as Young and Schmoker were on the bank's premises solely for their own benefit and convenience. Schmoker parked in the bank's parking lot for his benefit. Young accompanied Schmoker to his car for her benefit. There was no evidence indicating that the use of the bank's parking lot by Schmoker effected a benefit to the bank or, for that matter, a mutual advantage of a business nature. Accordingly, the district court did not err in concluding, as a matter of law, that Young's status in this matter was that of a licensee.

*Duty Owed to Licensee.*

An owner or occupant of a premises owes only the duty to refrain from injuring a licensee by willful or wanton negligence or designed injury, or to warn him or her as a licensee of a hidden danger or peril known to the owner or occupant but unknown or unobservable by the licensee, who is required to exercise ordinary care. *Blackbird v. SDB Investments, supra.*

> "In order for an action to be willful or wanton, the evidence must prove that a defendant had *actual* knowledge that a danger existed and that the defendant *intentionally* failed to act to prevent harm which was reasonably likely to result. . . .
>
> "To constitute willful negligence the act done or omitted must be intended or must involve such reckless disregard of security and right as to imply bad faith. Wanton negligence has been said to be doing or failing to do an act with reckless indifference to the consequences and with consciousness that the act or omission would probably cause serious injury."

(Emphasis in original.) *Blackbird v. SDB Investments*, 249 Neb. 13, 19, 541 N.W.2d 25, 30 (1995) (quoting *Guenther v. Allgire*, 228 Neb. 425, 422 N.W.2d 782 (1988)).

Construing the evidence in a light most favorable to Young, we conclude the district court did not err in finding that the defendants did not breach their applicable duty of care. The condition of the bank's parking lot with respect to Eriksen's staging area did not involve such reckless disregard of security and right as to imply bad faith, nor could Eriksen's use of the area give rise to a finding of reckless indifference to the consequences and with consciousness that its act or omission would probably cause serious injury.

The bank's parking lot was sufficiently illuminated in the staging area so that Young could see a concrete island, a trailer, Schmoker's car, and the body of the forklift at issue. Nothing in the record indicates that the tines of the forklift were concealed or that Young's view was obstructed in any fashion. Although the defendants were required to warn a licensee such as Young of hazards known to them, this duty

refers only to hazards unobservable by the licensee. See *Blackbird v. SDB Investments, supra*. Young, as a licensee, had an obligation to exercise ordinary care while in the bank's parking lot. See *id*. Even when construing the evidence in a light most favorable to Young, we are drawn to the conclusion that Young failed to reasonably observe the forklift's tines—which were neither concealed nor obstructed from view—after seeing the body of the forklift.

As a result, we conclude that the district court did not err in granting summary judgment for the defendants on Young's allegations of failing to provide sufficient lighting or adequate warning of the dangers presented by the construction equipment in the bank's parking lot.

## CONCLUSION

There is no genuine issue of material fact (1) that Young was a licensee, since her presence on the bank's premises was to her benefit alone, and (2) that neither defendant acted with willful or wanton negligence toward a licensee such as Young based on the evidence in the instant case. Accordingly, we affirm the district court's order granting the defendants' motions for summary judgment.

AFFIRMED.

FAHRNBRUCH, J., concurring in the result.

I concur in the result, but reiterate the views stated in my dissent in *Heins v. Webster County, ante* p. 750, 552 N.W.2d 51 (1996), that the distinction between an invitee and licensee should not be abolished.

CAPORALE, J., joins in this concurrence.