MARIE SWOBODA, APPELLANT, V. MERCER MANAGEMENT
COMPANY AND FIRST NATIONAL BANK OF OMAHA, TRUSTEE,
APPELLEES.

557 N.W.2d 629

Filed January 3, 1997.    No. S-94-756.

William R. Johnson, Raymond E. Walden, and Charles F. Maxwell III, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Thomas J. Culhane and Linda W. Rohman, of Erickson & Sederstrom, P.C., for appellee Mercer.

WHITE, C.J., FAHRNBRUCH, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Marie Swoboda brought a negligence action against the defendants, Mercer Management Company and First National Bank of Omaha, seeking damages for personal injuries sustained when Swoboda fell while ascending a flight of stairs in a building then owned by First National and managed by Mercer Management. The district court granted summary judgment in favor of the defendants, and Swoboda appealed. The Nebraska Court of Appeals reversed the district court's judgment and remanded the cause. We granted further review.

## SCOPE OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996).

## FACTS

On February 2, 1992, Swoboda fell as she reached the top of a flight of stairs inside the Howard Street entrance to the Old Market Passageway in Omaha. At the time of the accident, Swoboda, who was 95 years of age, was accompanied by her granddaughter, Mary Stitt. The accident occurred as Swoboda and Stitt ascended a stairway leading from the lower level of the building to a set of large double doors at the Howard Street entrance. There were handrails on both sides of the stairway, but the handrail on the right side was inaccessible because five

large potted plants had been placed on the steps along the right edge of the stairway. As a result, Swoboda ascended the stairs using the left handrail, and Stitt assisted Swoboda by holding on to Swoboda's right arm.

The stairway and the landing inside the Howard Street entrance were made of the same type of red brick. The double doors leading out to Howard Street were 4 to 5 feet across the landing from the top of the stairway. The brick wall along the left side of the stairway extended 17 inches onto the landing and then gave way to an open corridor with a wooden floor. The wooden floor was elevated a few inches higher than the landing, and a brick ramp extended from the wooden floor down to the landing. This ramp protruded from the edge of the wall onto the landing at an angle perpendicular to the stairway. At the point closest to the stairs, the edge of the ramp began 17 inches from the leading edge of the landing. The ramp was $2\frac{1}{2}$ inches high at the point where the edge of the ramp closest to the stairway began to protrude from the wall. The ramp sloped down until it became flush with the landing at a point 14 inches from the edge of the wall, and the ramp was constructed of the same brick as the landing and the stairway. There were no markings or other safety devices to differentiate the ramp from the landing.

As Swoboda and Stitt approached the last step before arriving at the landing, Stitt left Swoboda to cross the landing and open the door. When Stitt reached the door and looked back, she saw Swoboda sitting on the floor in a position perpendicular to the stairway. Swoboda was sitting on the wooden floor, and her legs extended down the ramp. Swoboda's left leg was broken. Swoboda does not remember the circumstances surrounding the fall, and there were no eyewitnesses. Stitt testified by deposition that prior to the fall, Swoboda appeared to be in relatively good physical health, she had no trouble walking, and she negotiated each step of the staircase without any sign of weakness.

Swoboda sued the defendants, alleging that the ramp extending onto the landing created a dangerous condition and was an unreasonable risk to Swoboda, a business invitee. Swoboda contended that the ramp created a change in floor level on the landing which caused her to trip and fall.

The affidavit of an architectural engineer stated that the ramp which extended onto the landing was in violation of the 1967 National Building Code requirement that the width of a landing shall be no less than the width of the stairs in which they occur. In addition, the stairway violated the code because it did not have an intermediate handrail, which was required for a stairway of that width.

The district court granted summary judgment because it found no nexus between the defendants' possible negligence and Swoboda's fall. The court found that the allegation that the defective ramp was the proximate cause of Swoboda's injuries was based solely on speculation and conjecture and that, therefore, no genuine issue of material fact existed.

The Court of Appeals reversed the district court's judgment, finding that while it was possible that Swoboda tripped over the top step, her path, her physical condition, and the position in which she was seen immediately after the fall supported a reasonable inference that the ramp was the proximate cause of Swoboda's fall. *Swoboda v. Mercer Mgmt. Co.*, 96 NCA No. 10, case No. A-94-756 (not designated for permanent publication). The Court of Appeals concluded that because Swoboda introduced evidence which presented a question of fact concerning the defendants' negligence and a reasonable inference that this negligence was the proximate cause of her injuries, the district court erred in granting summary judgment. *Id.*

## ASSIGNMENT OF ERROR

In their petition for further review, the defendants allege that the Court of Appeals erred by reversing the district court's judgment.

## ANALYSIS

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996); *John Markel Ford v. Auto-Owners Ins. Co.*,

249 Neb. 286, 543 N.W.2d 173 (1996). After the party moving for summary judgment has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents judgment as a matter of law for the moving party. *Zion Wheel Baptist Church v. Herzog, supra.* In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996).

The question is whether Swoboda has introduced evidence which presents a question of fact as to whether the defendants' negligence was the proximate cause of her injuries. While circumstantial evidence may be used to prove causation, the evidence must be sufficient to fairly and reasonably justify the conclusion that the defendants' negligence was the proximate cause of Swoboda's injury. See *Hahn v. Weber & Sons Co.*, 223 Neb. 426, 390 N.W.2d 503 (1986). Swoboda was not required to eliminate all alternate theories regarding how the accident may have happened, but she was required to establish with a reasonable probability that the accident happened in the manner alleged in her petition. The practical difficulty with Swoboda's theory of how the accident occurred is that no one saw her fall and that Swoboda herself cannot remember how she fell.

We addressed a similar situation in *Shibata v. College View Properties*, 234 Neb. 134, 449 N.W.2d 544 (1989). Shibata's personal representative alleged that College View Properties (College View) was negligent in failing to keep a basement stairway lighted, failing to equip the stairway with a handrail, and other acts of negligence, which were alleged to have proximately caused Shibata's injuries and death. It was alleged that College View's negligence caused Shibata to fall down a flight of stairs and that she died as a result of such fall.

We held that the record failed to establish directly or inferentially that any act of claimed negligence on College View's part was the proximate cause of Shibata's death. A pathologist testified that one of many possible explanations for the incident was that Shibata suffered a pain in her chest, leaned against the

stairway door, and tumbled down the stairs. We concluded that the pathologist's statement was nothing more than conjecture and that it was just as possible that Shibata was going to the basement to retrieve an item and for reasons entirely independent of any one of College View's alleged acts of negligence, lost her balance and fell down the stairs. We held that the jury could only arrive at its conclusion regarding what actually occurred by guess, speculation, conjecture, or choice of possibilities.

An allegation of negligence is insufficient where the plaintiff asks the jury to guess the cause of an accident. See *Richardson v. Ames Avenue Corp.*, 247 Neb. 128, 525 N.W.2d 212 (1995). In *Richardson*, a grocery store customer slipped and fell on liquid soap that had spilled onto a store aisle. The evidence established that store employees were trained and instructed to regularly inspect the aisles for spillage. Nonetheless, the last inspection that could be firmly established occurred at 5:50 p.m. The slip occurred at about 7:30 p.m. The plaintiff insisted that the store was negligent because it failed to clean up a spill which it should have known existed.

We held that the evidence regarding the time the soap was spilled and the time the slip occurred was insufficient to permit the trial court to submit to the jury the question of whether the store was negligent. There was nothing in the record to make it more or less probable that the soap had been on the store floor for almost 2 hours or less than 2 minutes. Therefore, if the trial court in *Richardson* had given the case to the jury, the jury could have been left to merely speculate without any factual basis in the record for when the spill occurred. We concluded that such speculation was unacceptable. The burden of proving a cause of action is not sustained by evidence from which a jury can arrive at its conclusion only by guess, speculation, conjecture, or choice of possibilities; there must be something more which would lead a reasonable mind to one conclusion rather than another. See *id.*

In the present case, a jury presented with the question of why Swoboda fell would be faced with at least two possibilities: (1) Swoboda tripped over the top step or (2) Swoboda tripped over the ramp. As in *Richardson*, the evidence in this case leaves the jury with the prospect of guesswork as to which of these possi-

bilities actually caused Swoboda's injuries. Because Swoboda has not produced evidence that the defendants' negligence was the proximate cause of her fall, she cannot recover. Therefore, we reverse the decision of the Court of Appeals and remand the cause with directions to affirm the judgment of the district court.

REVERSED AND REMANDED WITH DIRECTIONS.

LANPHIER, J., participating on briefs.

CAPORALE, J., not participating.

LANPHIER, J., dissenting.

I respectfully dissent. The two cases cited by the majority, *Shibata v. College View Properties*, 234 Neb. 134, 449 N.W.2d 544 (1989), and *Richardson v. Ames Avenue Corp.*, 247 Neb. 128, 525 N.W.2d 212 (1995), were not matters decided upon a motion for summary judgment. Both cases were decided upon motions for directed verdict after the close of all the evidence. In both *Richardson* and *Shibata*, the plaintiffs had the opportunity to discover and present the totality of evidence at trial. In the instant case, Swoboda's opportunity to have her case fully discovered and litigated is cut off. As a procedural equivalent to a trial, a summary judgment is an extreme remedy because a summary judgment may dispose of a crucial question in litigation, or the litigation itself, and may thereby deny a trial to the party against whom the motion for summary judgment is directed. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996); *Oliver v. Clark*, 248 Neb. 631, 537 N.W.2d 635 (1995); *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988).

I also dissent for the reasons that Chief Justice White and I dissented in *Richardson v. Ames Avenue Corp., supra.* I believe the majority failed to give Swoboda the benefit of all reasonable inferences deducible from the evidence as required by precedent. It is well settled that in reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Moulton v. Board of Zoning Appeals, ante* p. 95, 555 N.W.2d 39 (1996); *Polinski v. Omaha Pub. Power Dist., ante* p.

14, 554 N.W.2d 636 (1996); *State Farm v. D.F. Lanoha Landscape Nursery*, 250 Neb. 901, 553 N.W.2d 736 (1996); *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996). Swoboda is entitled to have the benefit of every reasonable inference, because the summary judgment was granted against her.

The evidence, with reasonable inferences in Swoboda's favor, showed that Swoboda walked around the Old Market in Omaha for 20 minutes, without incident, before entering the restaurant; that her ability to walk was impeded by neither clothing, dizzy spells, nor a cane; that she needed no assistance in walking; and that she ascended the stairs at the restaurant in a normal fashion.

Further, Swoboda's granddaughter, who accompanied Swoboda at the time of the injury, gave a lay opinion that her grandmother broke her leg when she tripped over the ramp alleged to be the defendants' defective condition. Importantly, it was the defendants' attorney who asked Swoboda's granddaughter for her opinion as to what caused Swoboda's fall. The granddaughter's testimony was unrefuted. Lay opinion testimony is competent evidence when it is rationally based on the witness' perceptions and helpful to a clear understanding of his or her testimony or the determination of a fact in issue. Neb. Evid. R. 701. The granddaughter's lay opinion, as the only evidence of causation in the record, fits these requirements.

Because all reasonable inferences which can be drawn from the evidence must be to the benefit of Swoboda and the majority fails to give Swoboda the benefit of those reasonable inferences, I am compelled to dissent. I would affirm the Court of Appeals' reversal of the district court's order sustaining the defendants' motion for summary judgment.

GERRARD, J., joins in this dissent.