DAVID CUNNINGHAM, APPELLANT, V. PRIME MOVER, INC.,
AND CLARKLIFT OF NEBRASKA, APPELLEES.

567 N.W.2d 178

Filed August 1, 1997.   No. S-95-862.

Robert E. O'Connor, Jr., for appellant.

Michael F. Kinney and John R. Klein, of Cassem, Tierney, Adams, Gotch & Douglas, and Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WRIGHT, J.

In this negligence and product liability action, David Cunningham appeals the district court's summary judgments in favor of Prime Mover, Inc., and Clarklift of Nebraska.

## SCOPE OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Young v. Eriksen Constr. Co.*, 250 Neb. 798, 553 N.W.2d 143 (1996).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

## FACTS

Cunningham alleges that on September 13, 1991, while in the course and scope of his employment with K-B Foods, Inc., he was operating a pallet jack when the brakes suddenly seized and he was thrown off the pallet jack.

Prior to filing the petition in this case, Cunningham filed a claim in the Nebraska Workers' Compensation Court to recover for injuries allegedly sustained as a result of the same accident. There, Cunningham alleged that his injuries consisted of a kidney bruise and a neck and spine injury resulting in partial paralysis. A central issue in the compensation court was whether Cunningham's injuries were causally related to the accident. The evidence showed that the paralysis was the result of a condition known as syringomyelia, in which a syrinx or cyst develops in the spinal cord. Conflicting medical testimony was offered by Cunningham and K-B Foods as to the cause of the syringomyelia.

The compensation court found that the syringomyelia was not caused by Cunningham's accident of September 13, 1991, and that the accident did not hasten, accelerate, or aggravate the cyst, which the court found was already present and growing, and dismissed Cunningham's petition. He appealed to a three-judge panel, which affirmed the dismissal without opinion. Cunningham appealed to the Nebraska Court of Appeals, which affirmed the review panel's decision. *Cunningham v. K-B Foods*, 94 NCA No. 28, case No. A-93-1088 (not designated for permanent publication). Cunningham did not seek further review of the Court of Appeals' decision.

In the case at bar, Cunningham alleges that while in the course and scope of his employment with K-B Foods, he was

operating a pallet jack when the brakes suddenly seized, causing him to be thrown off. Cunningham claims that Prime Mover, the manufacturer of the pallet jack, and Clarklift, the maintenance company, are responsible for the accident. Asserting theories of negligence and product liability, Cunningham claims he sustained syringomyelia resulting in partial paralysis.

Summary judgments were granted in favor of Prime Mover and Clarklift. The district court found as a matter of law that Cunningham was collaterally estopped by the compensation court's determination that his syringomyelia was not caused by the accident of September 13, 1991. Cunningham timely appealed.

## ASSIGNMENTS OF ERROR

Cunningham assigns as error that the district court erred (1) in applying the doctrine of collateral estoppel to a third-party action which arose from a workers' compensation claim and (2) in applying the doctrine of collateral estoppel to a finding of a court of limited jurisdiction.

## ANALYSIS

Essential to Cunningham's recovery in this negligence and product liability action is a determination that the syringomyelia was causally related to his fall from the pallet jack. See, e.g., *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996); *Kudlacek v. Fiat S.p.A.*, 244 Neb. 822, 509 N.W.2d 603 (1994). Prime Mover and Clarklift contend that this issue was finally and conclusively determined adversely to Cunningham in the Workers' Compensation Court and that, therefore, Cunningham is collaterally estopped from relitigating this issue in the current action.

There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *In re Estate of Wagner*, 246 Neb. 625, 522 N.W.2d 159 (1994). Collateral estoppel, when shown to be applicable, presents a question of law which may properly be raised on a

motion for summary judgment. See *Scott v. Mattingly*, 241 Neb. 276, 488 N.W.2d 349 (1992). A determination regarding the application of collateral estoppel is a question of law, and as an appellate court, we are obligated to reach a conclusion independent from the trial court's conclusion. See *Petska v. Olson Gravel, Inc.*, 243 Neb. 568, 500 N.W.2d 828 (1993).

Regarding the first element of collateral estoppel, Cunningham contends that the issue decided in the compensation court was not identical to the issue in the case at bar. In particular, Cunningham argues that the legal theory of recovery in the case at bar is different from that heard by the compensation court. He claims that the issue in the compensation court was compensability and that the issue here is proximate causation. We disagree.

In a workers' compensation case, the employee must prove by a preponderance of the evidence that (1) the employee was injured in the scope and course of his employment and (2) the injuries to the employee were proximately caused by the accident. See *Johnson v. Holdrege Med. Clinic*, 249 Neb. 77, 541 N.W.2d 399 (1996). It is not disputed that Cunningham was thrown from the pallet jack while in the course and scope of his employment. The disputed issue in the compensation court was whether the injuries for which Cunningham sought compensation were proximately caused by his fall. The compensation court found against Cunningham on that issue and denied workers' compensation benefits.

In this negligence and product liability action, Cunningham must prove by a preponderance of the evidence that his syringomyelia was caused by the accident that occurred on September 13, 1991. See, *World Radio Labs. v. Coopers & Lybrand, supra*; *Kudlacek v. Fiat S.p.A., supra*. The identical issue was decided by the compensation court in the prior action, and thus, the first element of collateral estoppel has been met.

The second element of collateral estoppel requires that there be a judgment on the merits which is final. The parties do not dispute that the judgment of the compensation court was final, and therefore, the second element has been met.

We next consider the third element of collateral estoppel. Although Cunningham points out that neither of the defendants

was a party to the workers' compensation action, this fact is inapposite. Collateral estoppel may be raised by parties who were not involved in the initial proceeding. See *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994). As to the status of the parties regarding collateral estoppel, the only requirement is that "the party against whom the rule is applied was a party or in privity with a party to the prior action." *Id.* at 854, 510 N.W.2d at 48. It is not disputed that Cunningham, the party against whom collateral estoppel was applied, was a party to the workers' compensation action, and therefore, the third element has been met.

Finally, we consider the fourth element of collateral estoppel, whether there was an opportunity to fully and fairly litigate the issue in the prior action. Cunningham argues that the limited jurisdiction of the compensation court prevented him from fully and fairly litigating the issue of proximate causation.

First, Cunningham claims the compensation court's determination as to proximate causation was merely incidental. He contends the compensation court has a limited purpose of determining, without expensive litigation and unnecessary delay, whether an employee's injury occurred within the scope of his employment. According to Cunningham, the "indirect determination" of the compensation court was that his medical condition was not hastened, accelerated, or aggravated by his fall. Cunningham thus concludes that the larger issues of negligence and product liability should not be precluded upon an indirect determination of causation.

Second, Cunningham asserts that the issue of proximate causation was not fully and fairly litigated in the compensation court because of differences in the quality and extensiveness of the procedures followed by the two courts. Cunningham explains that the theories of recovery, the manner of presentation, the discovery process, the manner of proof, and the possible remedies available in the compensation court are different from those available in the district court.

In order to recover workers' compensation benefits, it was essential for Cunningham to prove causation. Therefore, the compensation court's determination as to causation was not incidental. See *Cox v. Fagen Inc.*, 249 Neb. 677, 545 N.W.2d 80

(1996). However, there are procedural differences between the two courts and sound policy reasons for leaving a degree of separation between factual determinations in the compensation court and the trial courts of this state. These considerations are particularly relevant in regard to a determination of causation made by the compensation court which is then offered to collaterally estop litigation regarding the issue of proximate causation in a subsequent tort action against a third-party tort-feasor.

The compensation court is not bound by the rules of evidence or procedure required in the trial courts. See Neb. Rev. Stat. § 48-168(1) (Reissue 1993). Thus, for example, since the rules of evidence do not apply to workers' compensation proceedings, in the normal course of a compensation proceeding, causation can be established or disputed with only an opinion letter from an appropriate witness. Such a letter would be hearsay and excluded by the rules of evidence in a suit against a third-party tort-feasor.

In *Messick v. Star Enterprise*, 655 A.2d 1209 (Del. 1995), the Delaware Supreme Court recognized that evidentiary distinctions, as well as differences in the quality and extensiveness of workers' compensation and civil court proceedings, are reasons why collateral estoppel should not be applied with regard to a determination of causation made in a compensation court. The court noted that differences between workers' compensation proceedings and civil litigation were appreciable, including differences in the evidentiary rules, the award of damages, and the time allowed to present a case. It was noted that both courts present the claimant with an opportunity to litigate, but that the tools available to prosecute the claim in each court are not equal. Particularly, the court determined that the forum in the civil court afforded the party against whom preclusion was asserted procedural opportunities in the presentation and determination of the issue that were not available in the compensation court.

We point out that the application of collateral estoppel may also chill the purpose and effect of the compensation court. One of the significant purposes of the compensation court is to provide a forum wherein an injured worker can obtain a prompt determination of his or her claim. If the compensation court's

determination on the issue of causation is binding upon an action in tort against a third party, the injured party may be reluctant to proceed with a workers' compensation claim unless and until extensive and expensive discovery has been completed involving all potential claims against third parties. The court in *Kelly v. Trans Globe Travel Bureau, Inc.*, 60 Cal. App. 3d 195, 202-03, 131 Cal. Rptr. 488, 493 (1976), explained:

> The adverse effect of the potential of collateral estoppel upon the economic balance of civil litigation is particularly undesirable in workers' compensation proceedings. The policy of the workers' compensation law is to secure the quick and, where possible, certain resolution of questions of coverage. Any doctrine which encourages delay in final resolution by the exercise of procedural and appellate steps is counter to the policy. The workers' compensation law, in stark contrast to the system of other personal injury litigation, is one of simplified procedure to reduce the call of legal expense upon the societal fund available for compensation for injury so that the maximum possible portion of the fund is available to compensate loss rather than the cost of determining controversies. The possibility of collateral estoppel consequences of a workers' compensation determination with its effect upon the economic balance of the controversy is counter to that policy also.

For public policy reasons and because Cunningham did not have the opportunity to fully and fairly litigate his claim, we conclude that the doctrine of collateral estoppel should not be applied so as to bar Cunningham from relitigating the issue of causation against third parties. We therefore reverse the summary judgments of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.