GRAMERCY HILL ENTERPRISES, A GENERAL PARTNERSHIP, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF HEALTH, APPELLEE, AND AMBASSADOR LINCOLN, INC., INTERVENOR-APPELLEE.

587 N.W. 2d 378

Filed December 11, 1998.   No. S-97-675.

Douglas L. Curry and Linda W. Rohman, of Erickson & Sederstrom, P.C., for appellant.

Don Stenberg, Attorney General, and Lynn A. Melson for appellee.

Richard H. Hoch and Max J. Kelch, of Hoch, Funke & Kelch, for intervenor-appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

Gramercy Hill Enterprises (Gramercy), appellant, is a residential retirement center which sought to add 60 skilled nursing beds to its existing facility. Gramercy appeals the district court's order affirming the decision of the Certificate of Need Review Committee (Review Committee) which had affirmed the decision of the Nebraska Department of Health, now known as the Department of Health and Human Services (Department), to deny Gramercy a certificate of need (CON). For the reasons recited below, we affirm the district court's order.

## BACKGROUND

On October 6, 1995, Gramercy filed an application for a CON with the Department. Gramercy presently operates 89 independent living and 59 personal care apartments in Lincoln, Nebraska. In its application, Gramercy proposed to construct a three-story addition to its existing facility. The addition would consist of an additional 26 residential apartments on the third floor and 60 skilled nursing beds on the first and second floors. The 60 skilled nursing beds would be situated in 42 rooms, 18 semiprivate and 24 private. A CON is required only for the skilled nursing bed portion of the addition. The estimated cost of the skilled nursing bed portion of the addition was approximately $2.34 million. The proposed addition would be located within the "Region 2" health planning area.

On October 25, 1995, a public hearing was held on Gramercy's application. On December 29, the Department issued extensive findings and denied Gramercy's application. On January 3, 1996, Gramercy appealed to the Review Committee regarding the denial of its application. On January 12, Ambassador Lincoln, Inc. (Ambassador), one of Gramercy's competitors, filed a petition to intervene, contending that the Department's decision to deny Gramercy a CON should be affirmed. Gramercy waived the requirement set forth in Neb. Rev. Stat. § 71-5866 (Reissue 1996) that the Review Committee render a decision within 45 days of the request for appeal.

On April 12 and 13, 1996, a hearing was held before the Review Committee. The transcription of that 2-day hearing comprises 557 pages of testimony. Several witnesses appeared at the hearing, including the following who testified on Gramercy's behalf: Donald Smith, financial feasibility analyst with the Department; John Strauss, manager of the strategic and facilities planning division of Coopers & Lybrand's Chicago health care practice; Shirley Travis, vice president of patient care services at Lincoln General Hospital; Andrew Jacobs, president of the Gramercy Hill corporation, the general partnership which owns Gramercy; John Austin, research associate at the Nebraska Bureau of Business Research; and Larry Morrison, of the Department. Several of the Department's employees testified on behalf of the Department: Kathleen Kelly, a research analyst; Rodney Laucomer, an architect with the licensing and data section; Smith; and Stephen Frederick, an administrator in the health assistance planning and development section. Lastly, Michael Ryan, director of operations at Ambassador, spoke in opposition to Gramercy's application.

At the hearing, a copy of the Department's "Findings, Conclusion, and Decision" was received into evidence by the Review Committee. After its review, the Review Committee affirmed the Department's denial of a CON to Gramercy. Gramercy appealed to the district court, pursuant to the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1994 & Supp. 1995), which affirmed the decision of the Review Committee. Gramercy appeals.

## ASSIGNMENTS OF ERROR

Gramercy's eight assignments of error may be consolidated for purposes of this appeal. On appeal, Gramercy generally contends that the district court's judgment is not supported by the evidence; is contrary to law; and is arbitrary, capricious, and unreasonable. Specifically, Gramercy argues that the district court erred (1) in determining that Gramercy had failed to satisfy the criteria for a CON set out in the Nebraska Health Care Certificate of Need Act (CON Act), Neb. Rev. Stat. §§ 71-5801 through 71-5870 (Reissue 1990 & Cum. Supp. 1994), and in the CON regulations promulgated thereunder, 182 Neb. Admin.

Code, ch. 2, §§ 001 through 006 (1983); (2) in concluding that the CON Act, as written and applied by the Department, does not violate procedural due process protections; and (3) in failing to address and therefore rejecting Gramercy's equal protection claim.

## STANDARD OF REVIEW

An aggrieved party may obtain review of any judgment or final order entered by a district court under the Administrative Procedure Act. *Vinci v. Nebraska Dept. of Corr. Servs.*, 253 Neb. 423, 571 N.W.2d 53 (1997). A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. *Id.*

When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

On an appeal under the Administrative Procedure Act, an appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Id.*

## ANALYSIS

### 1. GRAMERCY'S FAILURE TO SATISFY CON CRITERIA

Gramercy argues that the district court erred in determining that Gramercy failed to satisfy the criteria for a CON set out in the CON Act and the CON regulations. The Department and Ambassador argue that Gramercy failed to meet the criteria set out in the Nebraska statutes and the CON regulations.

Section 71-5830(7) requires that a CON be obtained prior to "[a]ny capital expenditure or obligation incurred by or on behalf of a health care facility in excess of the capital expenditure minimum made . . . [i]n preparation for the offering or developing of a new institutional health service [or] in preparation for initiating a substantial change in an existing health ser-

vice . . . ." Section 71-5805.01 defines capital expenditure minimum as a "base amount of one million two hundred thousand dollars . . . ." Because the cost of Gramercy's new addition for skilled nursing beds exceeds this amount, a CON was required for the addition.

In § 71-5802, the Legislature stated that the purpose of the CON Act is

> to conserve the limited health care resources of personnel and health care facilities in order to provide quality health care to all citizens of the state, to minimize unnecessary duplication of facilities and services, to encourage development of appropriate alternative methods of delivering health care, to promote wherever appropriate a more competitive health care delivery system, to encourage the provision of high-quality health care which is available and accessible to all citizens of the state, and to maximize the effectiveness of expenditures made for health care.

The consideration of a CON application is governed by three authorities: (1) the CON Act, (2) Department regulations promulgated under the act, and (3) the state health plan. *Beverly Enter.-Nebraska v. Columbus Health Care*, 2 Neb. App. 410, 510 N.W.2d 569 (1993), citing *Department of Health v. Grand Island Health Care*, 223 Neb. 587, 391 N.W.2d 582 (1986).

Under the Nebraska Administrative Code, "the applicant bears the burden of demonstrating in its application that the proposal satisfies all of the review criteria in [the Department] regulations which are appropriate and significant to the proposal." 182 Neb. Admin. Code, ch. 2, § 003.02C (1983). Additionally, "[i]n an appeal of a decision to deny a [CON], the person requesting the appeal shall bear the burden of proving that the project meets the applicable criteria . . . ." § 71-5865.

In its order, the district court affirmed the Review Committee's decision and set forth specific findings, stating that Gramercy had not met several of the criteria for a CON set out in the CON regulations. As noted above, an applicant must meet all of the applicable criteria in order to be granted a CON. The failure of Gramercy to meet at least two criteria for a CON disposes of this appeal.

### (a) Least Costly of Alternatives

The district court found, inter alia, that Gramercy had not met its burden in establishing that its proposed facility is the most cost-efficient alternative. This finding is amply supported by the record.

Section 005.02A2 states in relevant part:

The applicant must demonstrate that the proposed project is the least costly of the alternatives for meeting the need established under part 005.01A above, or if it is not the least costly, that it is the most effective alternative for meeting such need. In determining which alternative is the least costly, consideration shall include (but without limitation to) the following: the total cost of the project; charges to all consumers and payers, including government reimbursement programs; the effect of the proposed means of financing on consumers and payers considered as a whole; and, in the case of construction projects (including remodeling), the design, methods, and materials of construction and the long-term energy costs for the project.

In its order, the district court stated:

The record reflects that Gramercy's proposed facility will have nursing stations on separate floors which is unusual because the typical long-term care facility incorporates a one-story design. Evidence suggests that such a design will not be the most cost efficient. . . . The Appellant Gramercy emphasis [sic] that "a multi-story design was the most efficient for purposes of the actual building site of the proposed structure". Appellant's brief at 36. However, the issue is not what is the best design for that particular building site but rather what is the best alternative for the community. While a multi-story design may be the best plan for that site, it is not a justification for granting a certificate when a more efficient facility could exist at another site. As a result, the Appellant Gramercy has not met its burden to establish that the proposed facility is the most cost efficient alternative.

There is sufficient competent evidence in this record to support the district court's findings. At the hearing before the Review Committee, Laucomer remarked on Gramercy's two-

story addition for the skilled nursing beds and stated that "there could be more efficient ways . . . of providing care for sixty beds." Laucomer stated that the cost of the project for Gramercy's proposed two-story addition would be more expensive than a one-story design on a square-foot basis. Laucomer further testified that Gramercy's proposed addition would not be as efficient as a one-story design, because Gramercy's proposed multistory design would require duplication of and provision for certain items that a single-story design would not, including multiple nursing stations and an elevator. The district court did not err in concluding that Gramercy's proposed addition was not the least costly of alternatives, and therefore, Gramercy failed to meet the criteria for a CON on this basis.

### (b) Financially Feasible

The district court found, inter alia, that Gramercy had not met its burden of establishing that its project would remain financially feasible. This finding is amply supported by the record.

The regulations state, "The resources and proposed means of financing the proposed project must in fact be available." 182 Neb. Admin. Code, ch. 2, § 005.02C (1983). Additionally, "[i]t must be reasonably certain that the proposed project will be financially feasible for the period of life of the assets." *Id.*

In its order, the district court quoted Jacobs' testimony at the hearing before the Review Committee, stating that "under at least one analysis, when taking the 'capital in minus the losses — the partners' capital accounts are negative. . . . There have been more losses than there has been cash contributed.' " The district court concluded that "the record reflects that if the certificate is granted, Gramercy's total debt will increase to approximately $10,000,000. The losses along with limited capital contributions and increased debt does not suggest financial soundness."

A review of the record on appeal reveals that there is sufficient competent evidence to support the district court's finding that Gramercy's project would not remain financially feasible for the life of its assets. Therefore, the district court did not err in finding that Gramercy failed to meet the criteria for a CON set out in §§ 005.02A2 and 005.02C.

## 2. CONSTITUTIONAL ISSUES

### (a) Due Process

Gramercy argues that "[t]he district court erred in determining that the CON Act, as written and applied by the Department, does not violate procedural due process protections." Brief for appellant at 5. The Department contends that Gramercy's due process rights were not violated, and Ambassador makes no comment on this issue in its brief.

In the instant case, Gramercy questions the constitutionality of the CON regulations set forth pursuant to the CON Act, while asking this court to direct the Department to grant its request for a CON under those same regulations. The inconsistency of Gramercy's actions as to its argument that the CON Act is unconstitutional as written is precluded by the rule that "a litigant who invokes the provisions of a statute may not challenge its validity nor seek the benefit of such statute and in the same action and at the same time question its constitutionality." *In re Application of Nebraskaland Leasing & Assocs.*, 254 Neb. 583, 590, 578 N.W.2d 28, 33 (1998). Therefore, Gramercy's due process argument as to the constitutionality of the CON Act as written is without merit.

### (b) Equal Protection

Gramercy contends that the Department violated its equal protection rights by evaluating its proposed project differently than other projects that the Department had previously reviewed and approved. Specifically, Gramercy argues that the Department treated its application for a CON differently than applications submitted by Northfield Villa, Inc. (Northfield), Lincoln General Hospital (Lincoln General), and Bryan Hospital (Bryan). The Department denies that Gramercy's equal protection rights were violated in any way, and Ambassador makes no comment in its brief. We conclude that Gramercy's equal protection claims are without merit.

### (i) Northfield

It is fundamental that "the initial inquiry in an equal protection analysis focuses on whether one has demonstrated that one was treated differently than others similarly situated. Absent

this threshold showing, one lacks a viable equal protection claim." *State v. Atkins*, 250 Neb. 315, 320-21, 549 N.W.2d 159, 163 (1996), citing *Klinger v. Department of Corrections*, 31 F.3d 727 (8th Cir. 1994), *cert. denied* 513 U.S. 1185, 115 S. Ct. 1177, 130 L. Ed. 2d 1130 (1995).

In June 1991, Northfield filed an application for a CON, more than 4 years before Gramercy's filing on October 6, 1995. Northfield proposed to build 94 residential apartments and 20 long-term skilled nursing beds in Scottsbluff, Nebraska, outside Lancaster County or Region 2 in which Gramercy proposes to build its addition.

The record shows that Northfield's 20 beds were exclusively for Northfield's own residents and not open to the public, in contrast to Gramercy's proposed addition of 60 skilled nursing beds, which would become only partially occupied by Gramercy's current residents. Additionally, in Northfield's case, there were no other retirement care facilities in the Scottsbluff area besides a retirement facility already operated by Northfield in Gering, Nebraska, whereas in Gramercy's case, other entities in Region 2 offer services similar to those of Gramercy. Gramercy and Northfield are not similarly situated with respect to their respective applications for a CON. Therefore, we need not reach the merits of Gramercy's equal protection claim regarding Northfield.

### (ii) Lincoln General and Bryan

With regard to Lincoln General and Bryan, Gramercy argues that it was held to a different standard of need than Lincoln General or Bryan. The CON regulations state, "The applicant [for a CON] must establish that there is an unmet need for health care services for a specific population." 182 Neb. Admin. Code, ch. 2, § 005.01A (1983). Gramercy argues that when the Department assessed the need for Gramercy's proposed addition, the Department used different numbers to calculate the need for Gramercy's proposed addition than those used to calculate the need for Lincoln General's and Bryan's recent additions. Both Lincoln General and Bryan are located in Region 2 and applied for and were granted CON's shortly before Gramercy applied for a CON.

While we do not endorse the Department's use of different figures in calculating the need for Gramercy's proposed addition, the Department's act is of no legal consequence on the facts of this case, because regardless of need, Gramercy failed to meet other criteria, detailed above, necessary for the Department to grant Gramercy a CON. That is, regardless of the Department's conduct with respect to the provision of figures for Gramercy's use in its effort to establish unmet need, Gramercy's application failed because it did not meet other criteria, including a failure to demonstrate that the project was the least costly of alternatives and that the project was financially feasible for the life of the assets.

## CONCLUSION

We have reviewed the district court's order for errors appearing on the record and conclude that the order is supported by competent evidence and is neither arbitrary, capricious, nor unreasonable. To the extent that Gramercy properly raises constitutional issues, they are without merit. Therefore, we affirm the district court's order affirming the Review Committee's and the Department's conclusions to deny Gramercy a CON.

AFFIRMED.