CHRYSLER CORPORATION, A DELAWARE CORPORATION, AND GRUBE CHRYSLER-PLYMOUTH, INC., A NEBRASKA CORPORATION, APPELLEES, V. JIM EARP CHRYSLER-PLYMOUTH, LTD., A NEBRASKA PARTNERSHIP, APPELLANT.

602 N.W.2d 43

Filed November 9, 1999.    No. A-98-973.

Gerald L. Friedrichsen and William Jay Riley, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., for appellant.

Robert D. Kinsey, Jr., and Richard L. Rice, of Kinsey Ridenour Becker & Kistler, and Mark F. Kennedy and Christopher J. Meyer, of Wheeler Trigg & Kennedy, P.C., for appellee Chrysler Corporation.

Stephen H. Nelsen, of Cline, Williams, Wright, Johnson & Oldfather, for appellee Grube Chrysler-Plymouth.

HANNON, MUES, and INBODY, Judges.

INBODY, Judge.
## INTRODUCTION
Jim Earp Chrysler-Plymouth, Ltd. (Earp), a Nebraska partnership, appeals the order of the Lancaster County District Court finding that Papillion, Sarpy County, Nebraska, is not

located within the sales locality covered by Earp's franchise agreement with Chrysler Corporation (Chrysler). This appeal is taken pursuant to the Administrative Procedure Act, specifically Neb. Rev. Stat. § 84-918 (Reissue 1994). See Neb. Rev. Stat. § 60-1435 (Reissue 1998). For the reasons set forth herein, we affirm the order of the district court.

## STATEMENT OF FACTS

Earp is a licensed motor vehicle dealer located in Omaha, Douglas County, Nebraska, holding Chrysler, Plymouth, and Jeep line-make franchises from Chrysler. Earp's existing franchise agreement with Chrysler describes Earp's sales locality as follows:

> Effective <u>MAR 28 1991</u>, DEALER will have the non-exclusive right, subject to the provisions of the Chrysler Corporation Sales and Service Agreement(s), to purchase from CC for resale at retail (which includes lease and rental units) such new CC vehicles as are described in the Motor Vehicle Addendum to DEALER'S Chrysler Corporation Sales and Service Agreement(s), and parts and accessories therefor, in the following communities and/or areas of which some or all may be defined by census tracts as defined by the U.S. Department of Commerce or by the service areas of the U.S. Post Office Stations servicing said communities and/or areas which will constitute DEALER'S Sales Locality.

The contract listed the following as Earp's "communities and/or areas": Bennington, Douglas County, Nebraska; Omaha; Bellevue, Sarpy County, Nebraska; Boys Town, Douglas County, Nebraska; Valley, Douglas County, Nebraska; Offutt Air Force Base, Sarpy County, Nebraska; Elkhorn, Douglas County, Nebraska; and Waterloo, Douglas County, Nebraska. The contract then states:

> The above Sales Locality is hereby designated as the territory of DEALER'S responsibility for the sale of CC vehicles and vehicle parts and accessories therefor, and will be used by CC to determine DEALER'S Minimum Sales Responsibility (MSR) and to measure DEALER'S sales performance in relation to such MSR, and to evaluate

DEALER'S performance pertaining to other matters relating to DEALER'S operations.

The Sales Locality described above will continue to be employed for the foregoing purposes until changed by written notice to DEALER.

In Chrysler's franchises, the area of responsibility is the sales locality described in the franchise. Earp's area of responsibility is what Chrysler refers to as the "Omaha sales locality."

On or about May 19, 1997, Chrysler notified Earp of its intent to grant Grube Chrysler-Plymouth, Inc. (Grube), a franchise for Jeep line-make vehicles in Papillion. Grube is a licensed motor vehicle dealer located in Papillion holding Chrysler and Plymouth line-make franchises from Chrysler. Grube's franchise agreement provided that its area of responsibility for the proposed Jeep dealership comprised the communities of Gretna, Papillion, Richfield, and Springfield, all in Sarpy County, Nebraska. This area of responsibility is referred to by Chrysler as the "Springfield sales locality."

On June 3, 1997, Earp filed a protest with the Nebraska Motor Vehicle Industry Licensing Board (Board) alleging that the proposed Jeep establishment in Papillion constituted an additional dealership in Earp's community. Grube and Chrysler objected to Earp's purported protest on the basis that Earp lacked standing to protest the establishment of an additional dealership because Papillion was not part of Earp's community as set forth in Earp's Jeep franchise. A hearing was held before the Board on August 21, 1997, to determine the following limited issue: " 'Is the City of Papillion located within the "Community" covered by the existing Earp Jeep franchise?' "

The Board found that although not specifically named in the Earp franchise, Papillion was within the " 'Communities and/or Areas' " of Earp's franchise agreement. The Board concluded that Chrysler could not enter into a franchise agreement with Grube to sell Jeep products at Papillion without first complying with Neb. Rev. Stat. § 60-1422 (Reissue 1998), which requires a showing of good cause for an additional motor vehicle franchise and that said additional franchise is in the public interest.

Pursuant to the Administrative Procedure Act, Grube and Chrysler appealed the Board's decision to the Lancaster County

District Court. On July 23, 1998, the Lancaster County District Court filed an order finding that Papillion is not included within Earp's sales locality and reversing the Board's order. Earp timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Earp identifies two assignments of error which can be consolidated into the following issue: The district court's determination that Papillion is not included in Earp's community as described in Earp's franchise agreement is contrary to law, is not supported by competent evidence, and is arbitrary and unreasonable.

## STANDARD OF REVIEW

■ In reviewing final administrative orders under the Administrative Procedure Act, the district court functions not as a trial court but as an intermediate court of appeals. *Wolgamott v. Abramson*, 253 Neb. 350, 570 N.W.2d 818 (1997); *Trackwell v. Nebraska Dept. of Admin. Servs., ante* p. 233, 591 N.W.2d 95 (1999). On petitions for further review filed on or after July 1, 1989, the district court's review is conducted de novo on the record of the agency, and the district court may affirm, reverse, or modify the decision of the agency or remand the case for further proceedings. Neb. Rev. Stat. § 84-917(6)(b) (Cum. Supp. 1998). See *Trackwell, supra.*

■ After an aggrieved party has appealed a district court's decision to the Court of Appeals, this court reviews the order of the district court, which may be reversed, vacated, or modified for errors appearing on the record. § 84-918. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Gramercy Hill Enters. v. State*, 255 Neb. 717, 587 N.W.2d 378 (1998); *Moore v. Nebraska Dept. of Corr. Servs. Appeals Bd., ante* p. 69, 589 N.W.2d 861 (1999).

## DISCUSSION

Before addressing the merits of the instant case, we initially note that in Chrysler's brief, it contends that "Earp's appeal is

moot because Earp chose not to post a supersedeas bond and Chrysler has established a Jeep franchise with Grube in Papillion." Brief for appellee Chrysler at 16. Although an appeal does not operate as a supersedeas unless the appellant posts a supersedeas bond, see Neb. Rev. Stat. § 25-1916 (Reissue 1995), and the record reflects that Earp did not post a supersedeas bond, we find that this factor does not render this appeal moot because an injunction is an available remedy to Earp should this court find in Earp's favor. Therefore, we find that Earp's appeal is not moot, and we proceed to address the merits of this appeal.

Earp alleges on appeal that the district court erred in determining that Papillion is not included in Earp's community as described in Earp's franchise agreement. Additionally, Earp argues that Chrysler and Grube are collaterally estopped from asserting Papillion is not part of Chrysler's Omaha sales locality.

*Collateral Estoppel.*

Earp contends that a prior decision of the Board operates to bar Grube and Chrysler from arguing that Papillion is not included within the Omaha sales locality.

Collateral estoppel applies when an issue of ultimate fact has been determined by a final judgment, and that issue cannot again be litigated between the same parties in a future lawsuit. *Petska v. Olson Gravel, Inc.*, 243 Neb. 568, 500 N.W.2d 828 (1993); *Pipe & Piling Supplies v. Betterman & Katelman, ante* p. 475, 596 N.W.2d 24 (1999). There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Stewart v. Hechtman*, 254 Neb. 992, 581 N.W.2d 416 (1998); *Cunningham v. Prime Mover, Inc.*, 252 Neb. 899, 567 N.W.2d 178 (1997); *Torrison v. Overman*, 250 Neb. 164, 549 N.W.2d 124 (1996); *Farm Credit Bank v. Stute*, 248 Neb. 573, 537 N.W.2d 496 (1995).

Initially, we note that Earp presented only a partial record of the prior Board hearing, which it contends supports its collateral

estoppel claim. However, even from the partial record, it is apparent to this court that Grube was not allowed to participate in the hearing before the Board and that thus, collateral estoppel should not apply as to Grube. Furthermore, with respect to Chrysler, the record of the prior proceeding presented by Earp includes only a copy of the franchise amendment at issue, not a copy of the original franchise agreement. Thus, the partial record presented by Earp is insufficient to support Earp's claim of collateral estoppel. Therefore, we reject this argument.

*Community.*

Earp alleges on appeal that the district court erred in determining that Papillion is not included in Earp's community as described in Earp's franchise agreement. This is important, because if Papillion is within Earp's community, Chrysler must then establish good cause before it may enter into a Jeep franchise with Grube pursuant to the Motor Vehicle Industry Licensing Act. See § 60-1422.

Neb. Rev. Stat. § 60-1401.02(23) (Reissue 1998) defines community as "a franchisee's area of responsibility as stipulated in the franchise." Thus, in order to determine Earp's community, or area of responsibility, we must look to Earp's franchise agreement with Chrysler. In Chrysler's franchise agreements, the area of responsibility is the sales locality described in the agreement. For the purposes of this opinion, we use the statutory term "community" instead of the interchangeable terms "area of responsibility" and "sales locality."

In construing Earp's franchise agreement with Chrysler, we are mindful that a contract which is written in clear and unambiguous language is not subject to interpretation or construction; rather, the intent of the parties must be determined from the contents of the contract, and the contract must be enforced according to its terms. *Schrempp and Salerno v. Gross*, 247 Neb. 685, 529 N.W.2d 764 (1995); *Label Concepts v. Westendorf Plastics*, 247 Neb. 560, 528 N.W.2d 335 (1995).

Additionally, the terms of a contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them. *Daehnke v. Nebraska Dept. of Soc. Servs.*, 251 Neb. 298, 557 N.W.2d 17 (1996).

Furthermore, a contract must be construed as a whole, and if possible, effect must be given to every part thereof. *Id.*

Earp's franchise agreement contains the following language: "communities and/or areas of which some or all may be defined by census tracts as defined by the U.S. Department of Commerce or by the service areas of the U.S. Post Office Stations servicing said communities and/or areas which will constitute DEALER'S Sales Locality." Earp's community as set forth in Earp's franchise agreement with Chrysler is described as "the following communities and/or areas": Bennington, Omaha, Bellevue, Boys Town, Valley, Offutt Air Force Base, Elkhorn, and Waterloo.

Earp asks this court to read the aforementioned language of the franchise agreement so as to ignore municipal boundaries and include Papillion in Earp's community because of Papillion's proximity to Omaha. This is not a reasonable interpretation of the language of Earp's franchise agreement. Just because the sales locality description contains language that some or all of the cities, towns, villages, or areas *may* be defined by reference to census tracts or ZIP codes does not mean that they are so defined.

The clear and unambiguous meaning of the phrase "the following communities and/or areas" is that the parties intended to describe the community or area of responsibility either by listing specific communities, by listing areas, or by listing a combination of communities and areas. Earp's franchise agreement described Earp's area of responsibility by reference to eight specific communities. The franchise does not list Papillion among these communities. Thus, Papillion is not included in Earp's community.

## CONCLUSION

The district court's order finding that Papillion is not included within Earp's sales locality conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Thus, the order of the district court is affirmed.

AFFIRMED.